UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. FLOWERS, | No. C 12-3181 YGR (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court, after having reviewed the complaint pursuant to 28 U.S.C. § 1915(A), DISMISSES the complaint with leave to file an amended complaint. **Plaintiff shall file an amended complaint addressing the deficiencies detailed below on or before February 1, 2013.**

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

United States District Court
For the Northern District of California

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that (1) R. Bixby and M. Menard, employees of the Alameda County Sheriff's Department, used excessive force against him in violation of the Eighth Amendment; (2) Gregory Ahern, Sheriff of Alameda County, violated his Eighth Amendment rights by formulating policies that allowed for the use of excessive force; (3) Sergeant R. Lapoint violated his Eighth Amendment and due process rights by not screening plaintiff for medical needs, and other concerns, during booking; and (4) Gregory Ahern is responsible for formulating policies that allowed for constitutionally flawed booking procedures.

Liberally construed, Claim 1 is cognizable under § 1983. Claim 2, however, is DISMISSED with leave to amend. It is not sufficient to assert that Ahern is responsible

because he formulated unnamed policies. There is no *respondeat superior* liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009) (noting no vicarious liability under section 1983 or *Bivens* actions). So, plaintiff's conclusory allegations about failure to train are insufficient. He must allege "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

Claims 3 and 4 are DISMISSED without leave to amend (and without prejudice) as they are unrelated to the excessive force claims. If plaintiff seeks relief for these claims, he may file a separate civil rights action.

**Plaintiff shall file an amended complaint on or before February 1, 2013.** The first amended complaint must include the caption and civil case number used in this order (12-3181 YGR (PR)) and the words FIRST AMENDED COMPLAINT on the first page. **<u>Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present, including Claim 1 found cognizable above, and all of the defendants he wishes to sue.</u>** *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

1  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
2 informed of any change of address by filing a separate paper with the clerk headed "Notice
3 of Change of Address."  He must comply with the Court's orders in a timely fashion or ask
4 for an extension of time to do so.  Failure to comply may result in the dismissal of this action
5 pursuant to Federal Rule of Civil Procedure 41(b).

6  **IT IS SO ORDERED**.

7 DATED:  January 10, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**