IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

          Plaintiff,

vs.

ALAMEDA COUNTY SHERIFF'S DEPUTY R.
BIXBY, et al.,

          Defendants.

_____/

No. C 12-3181 YGR (PR)

**ORDER OF SERVICE**

Plaintiff Joseph J. Flowers, a state prisoner currently incarcerated at the California Correctional Center, filed this *pro se* civil rights action alleging constitutional violations that took place when he was a pretrial detainee at the Alameda County jail.  Plaintiff has been granted *in forma pauperis* status.  The Court initially dismissed the complaint with leave to amend, and Plaintiff has since filed his amended complaint.

In its initial review of Plaintiff's complaint, the Court found that Plaintiff stated a cognizable claim against Alameda County Sheriff's Deputies R. Bixby and M. Menard, who allegedly used excessive force against him on May 14, 2008.  However, for reasons of judicial economy, the service of this claim was held until Plaintiff filed an amended complaint to correct the deficiencies of his other claims in order for all claims to proceed together.  Also in its initial review, the Court dismissed with leave to amend Plaintiff's claims in his complaint against Alameda County Sheriff Gregory Ahern upon finding that it was "not sufficient to assert that [Defendant] Ahern is responsible because he formulated unnamed policies."  (Jan. 10, 2013 Order at 2-3.)

First, in his amended complaint, Plaintiff failed to corrected the pleading deficiencies as to his claims against Defendant Ahern.  In fact, Plaintiff no longer names Defendant Ahern as a Defendant in this action.  Therefore, Plaintiff's claim against Defendant Ahern is DISMISSED without leave to amend.

Second, Plaintiff seeks to amend his excessive force claim to add Sergeant R. Lapoint as another Defendant responsible for the use of excessive force on May 14, 2008.  The Court grants Plaintiff leave to amend to add an excessive force claim against Defendant Lapoint, which is found

United States District Court
For the Northern District of California

to be a cognizable due process claim as well.  *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)) (Due Process Clause of the Fourteenth Amendment protects post-arraignment pretrial detainee from use of excessive force that amounts to punishment).

Finally, Plaintiff claims in his amended complaint that Defendants Bixby, Menard and Lapoint refused to give him medical treatment for the injuries that resulted from the May 14, 2008 excessive force incident.  The Court finds that Plaintiff's new allegations state a cognizable due process claim for deliberate indifference to his serious medical needs against these Defendants.  *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell*, 441 U.S. at 535) (pre-trial detainee's claim for deliberate indifference to medical needs derives from the Due Process Clause rather than the Eighth Amendment).

Accordingly, Defendants Bixby, Menard and Lapoint will be served with the amended complaint and directed to abide by the briefing schedule outlined below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff states cognizable due process claims for excessive force and deliberate indifference to serious medical needs against Defendants Bixby, Menard and Lapoint.

2.      Plaintiff's claim against Defendant Ahern is DISMISSED without leave to amend.

3.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Docket No. 7) and a copy of this Order to the following jail officials at the Alameda County Sheriff's Office: **Sergeant R. Lapoint; and Deputies R. Bixby and M. Menard.**  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Alameda County Counsel's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of

United States District Court
For the Northern District of California

Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
For the Northern District of California

under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  Id.  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56.  Id. at 4-5.  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  Id. at 5, 10.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available

4

United States District Court
For the Northern District of California

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, slip op. at 5, 10.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

      7.      All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

      8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

United States District Court
For the Northern District of California

1    address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

2    directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

3    (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

4    *se* party indicating a current address.  *See* L.R. 3-11(b).

5         9.      Extensions of time are not favored, though reasonable extensions will be granted.

6    Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

7    deadline sought to be extended.

8         IT IS SO ORDERED.

9

10   DATED:   April 18, 2014                                    _____
                                                              YVONNE GONZALEZ ROGERS
11                                                            UNITED STATES DISTRICT COURT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28