UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. FLOWERS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPUTY R. BIXBY, et al.,<br><br>    Defendants. | Case No. 12-cv-03181-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; DENYING HIS MOTION FOR APPOINTMENT OF COUNSEL; AND DIRECTING DEFENDANTS TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO THEIR DISPOSITIVE MOTION** |

Plaintiff Joseph J. Flowers, a state prisoner currently incarcerated at the California Correctional Center, filed this *pro se* civil rights action alleging constitutional violations that took place when he was a pretrial detainee at the Alameda County jail. The Court initially dismissed the complaint with leave to amend, and thereafter Plaintiff filed his first amended complaint ("FAC"). In its April 18, 2014 Order of Service, the Court reviewed the FAC and ordered service as to Defendants Alameda County Sheriff's Deputies R. Bixby and M. Menard as well as Sergeant R. Lapoint. Dkt. 10.

Defendants have since filed a motion to dismiss the FAC. Dkt. 13. Plaintiff has filed an opposition to the motion to dismiss. Dkt. 17.

Before the Court are Plaintiff's Second Amended Complaint ("SAC") (which will be construed as a motion for leave to amend the FAC), his motion for appointment of counsel, and his motion relating to a request for an extension of time (which will be construed as a motion for an extension of time to file an opposition). Dkts. 18, 19, 20. As noted, Plaintiff has already filed an opposition to Defendants' motion to dismiss. Therefore, his motion for an extension of time to file an opposition is DENIED as moot. Dkt. 19. The Court now turns to Plaintiff's remaining motions below.

**I. MOTION FOR LEAVE TO AMEND**

As mentioned above, Plaintiff has filed a SAC, which the Court has construed to be a motion for leave to amend his FAC. Dkt. 18.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be

"freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the district court. *See California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

Here, in his SAC, Plaintiff raises claims identical to those raised in his FAC. Therefore, for that reason alone, an amendment is unwarranted and futile. The Court notes, however, that Plaintiff is attempting to add more details relating to those claims as well as additional claims, including conspiracy. As an initial matter, Plaintiff is unduly delayed in bringing his motion. Plaintiff was initially given leave to file a FAC, which he timely filed. Dkt. 7. The Court then reviewed the FAC and served the cognizable claims on April 18, 2014. Dkt. 10. However, Plaintiff delayed another four months before filing his SAC. This delay also suggests bad faith because Plaintiff filed his SAC after the deadline set by the Court had passed for Defendants' dispositive motion. *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (affirming denial of leave to amend where plaintiff delayed in bringing a proposed claim as a tactical matter to avoid the possibility of an adverse summary judgment ruling). The Court also finds that permitting the proposed amendment would by unduly prejudicial to Defendants. Defendants timely filed their dispositive motion based on the claims which the Court found cognizable in its April 18, 2014 Order of Service.

In sum, the factors germane to Court's exercise of discretion under Rule 15 militate against granting leave to amend. Accordingly, Plaintiff's motion for leave to amend is DENIED. Dkt. 18.

**II.     MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests the appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th

Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915.  *See id.*

The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist.  The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex.  Accordingly, the request for appointment of counsel is DENIED without prejudice.  Dkt. 20.

### III.  OVERDUE REPLY

Defendants' reply to Plaintiff's opposition to their motion to dismiss is presently overdue. The Court GRANTS Defendants an extension of time in which to file their reply to the opposition. The time in which Defendants shall file their reply will be extended up to and including **fourteen (14) days** from the date of this Order.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for an extension of time to file an opposition is DENIED as moot. Dkt. 19.

2. Plaintiff's filing of his SAC, which has been construed as a motion for leave to amend his FAC, is DENIED.  Dkt. 18.

3. Plaintiff's motion for appointment of counsel is DENIED without prejudice.  Dkt. 20.

4. Defendants shall file a reply within **fourteen (14) days** from the date of this Order.

5. This Order terminates Docket Nos. 19 and 20.

IT IS SO ORDERED.

Dated: January 14, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge