|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOSEPH J. FLOWERS,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPUTY BIXBY, et al.,<br><br>        Defendants. | Case No. 12-cv-03181-YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

On June 19, 2012, Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, alleging constitutional violations that took place when he was being booked on May 14, 2008 as a pretrial detainee at the Alameda County Santa Rita Jail ("Santa Rita"). Dkt. 1. The Court dismissed the complaint with leave to amend. Thereafter, Plaintiff filed a first amended complaint ("FAC"), the operative pleading in this action. Dkt. 7. In his FAC, Plaintiff has raised due process claims of excessive force during his May 14, 2008 booking and deliberate indifference to his serious medical needs relating to inadequate care of his injuries against the following jail officials at the Alameda County Sheriff's Office: Sergeant R. Lapoint; and Deputies R. Bixby and M. Menard. Plaintiff seeks monetary and punitive damages.

The Court notes some relevant procedural history: In 2008, Plaintiff had filed a prior action against various jail officials raising numerous claims in his third amended complaint (the operative complaint in that action), including a deliberate indifference claim from May 14, 2008 through August 24, 2008 against jail officials not named in the instant action, who Plaintiff claims did not provide him with adequate care for his injuries from an alleged August 2, 2007 beating by other inmates, from an old gunshot wound to his neck, and from re-injuring himself on August 13, 2008. *See* Dkt. 39 in Case No. 08-4179 CW (PR); Dkt. 97 in Case No. C 08-4179 CW (PR) at 13-17. In a proposed fourth amended complaint filed on August 19, 2011, Plaintiff attempted to raise the same excessive force claim against Defendants Bixby and Menard (stemming from the incident during his May 14, 2008 booking). However, on March 27, 2012, the Court dismissed his excessive force claim without prejudice to filing a new and separate complaint because it involved

Defendants identified for the first time who were improperly joined[1] because the claim against them was not linked to any of Plaintiff's other claims in that action. Dkt. 97 in Case No. 08-4179 CW (PR) at 4-5. Almost two months later, on June 19, 2012, Plaintiff filed the instant action.

In the present case, Defendants have filed a motion to dismiss the complaint as untimely. Dkt. 13. Plaintiff has filed an opposition. Dkt. 17. Defendants have filed a reply. Dkt. 23.

For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

## I.   PROCEDURAL BACKGROUND

In its initial review of Plaintiff's complaint, the Court found that Plaintiff stated a cognizable claim against Alameda County Sheriff's Deputies R. Bixby and M. Menard, who allegedly used excessive force against him on May 14, 2008. However, for reasons of judicial economy, the service of this claim was held until Plaintiff filed an amended complaint to correct the deficiencies of his other claims in order for all claims to proceed together. Also in its initial review, the Court dismissed with leave to amend Plaintiff's claims in his complaint against Alameda County Sheriff Gregory Ahern upon finding that it was "not sufficient to assert that [Defendant] Ahern is responsible because he formulated unnamed policies." Dkt. 6 at 2-3.

Plaintiff then filed his FAC, the operative complaint. Dkt. 7. However, Plaintiff failed to correct the pleading deficiencies as to his claims against Defendant Ahern. In fact, Plaintiff no longer named Defendant Ahern as a Defendant in this action. Plaintiff also sought to amend his excessive force claim to add Defendant Lapoint as another Defendant responsible for the use of excessive force on May 14, 2008. Plaintiff also claimed in his FAC that Defendants Bixby, Menard and Lapoint refused to give him medical treatment for the injuries that resulted from the May 14, 2008 excessive force incident.

Upon reviewing the FAC, the Court dismissed Plaintiff's claim against Defendant Ahern because Plaintiff had waived that claim. The Court granted Plaintiff leave to amend to add an

---

[1] A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

1  excessive force claim against Defendant Lapoint, which was found to be a cognizable due process
2  claim as well.  Dkt. 10.  The Court also found that Plaintiff's new allegations stated a cognizable
3  due process claim for deliberate indifference to his serious medical needs against Defendants
4  Bixby, Menard and Lapoint.  The Court served both excessive force and deliberate indifference
5  claims against these Defendants and issued a briefing schedule.
6  Pursuant to the briefing schedule, Defendants have filed the instant motion to dismiss.

## II. FACTUAL BACKGROUND

According to Plaintiff's FAC, after being arrested on May 14, 2008, Plaintiff was taken to Alameda County Santa Rita Jail for booking.  Dkt. 7 at 3.[2]  Plaintiff claims that during the routine booking procedure, he was handcuffed and taken to a secluded area of the jail.  *Id.*  Plaintiff alleges that he was then "kicked, punched, and stomped [on] repeatedly" by Defendants.  *Id.*  Plaintiff adds that one of the Defendants slammed his face into the wall.  *Id.*  Plaintiff claims that prior to the beating, he had been assessed by medical staff who listed that he had "no injuries."  *Id.* at 6.  However, after the alleged beating, Plaintiff claims that Defendants denied his requests for medical attention.  *Id.*  Plaintiff alleges that he did not receive any medical treatment until May 17, 2008.  *Id.* at 3.  Plaintiff claims that he suffered injuries to his head, neck, wrist, and lower back.  *Id.* at 6.  Plaintiff asserts that the alleged beating left him "traumatized" and "in fear" throughout his confinement at Santa Rita.  *Id.*

Plaintiff was released on parole on October 10, 2008.  Dkt. 17 at 2.

## III. LEGAL STANDARD

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(6)).  Dismissal is proper if a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive dismissal, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When determining plausibility, allegations pertaining to material facts are accepted as true for purposes of the motion and construed in the light most favorable to the non-moving party. *Wyler-Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

*Pro se* pleadings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). But, a liberal interpretation "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

### B.    Statute of Limitations Generally

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in section 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a section 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).

A federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419-20 (9th Cir. 1986). California Civil Procedure Code § 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however, the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

Tolling under section 352.1 is triggered by the plaintiff's arrest and incarceration. *See*

1  *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994). But if the statute of limitations
2  starts to run again because the prisoner is released, tolling will not be reinstated by subsequent
3  incarceration. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982) (construing Oregon
4  tolling provision similar to California's and holding tolling ceased upon prisoner's release on
5  parole), *cert. denied*, 459 U.S. 849 (1982); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir. 1957)
6  (holding statute of limitations not tolled after prisoner released); *Deutch v. Hoffman*, 165 Cal.
7  App. 3d 152, 156 (1984) (statute of limitations not tolled during period when prisoner was on
8  parole).

## IV. ANALYSIS

### A. State's Tolling Provisions

Here, Plaintiff has raised excessive force and deliberate indifference claims stemming from an incident on May 14, 2008. Therefore, Plaintiff's cause of action accrued, that is began to run, no later than that date.[3] Without any tolling, under Section 335.1 the claim would have run by May 14, 2010.

To the extent that the statute of limitations was tolled due to Plaintiff's incarceration, any such tolling ended on October 10, 2008, when Plaintiff was paroled and released from custody. The Court finds unavailing Petitioner's arguments that he should be granted two more years of tolling under section 352.1 after he was rearrested on October 25, 2008 and again on January 13, 2009 because the law is clear that tolling will *not* be reinstated by subsequent incarceration.[4] *See*

---

[3] The statute of limitations generally does not begin to run until after the plaintiff has exhausted his administrative remedies. *See Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir. 1987) ("The doctrine suspends the statute of limitations pending exhaustion of administrative remedies, even though no statute makes exhaustion a condition of the right to sue."). However, in the instant case, Plaintiff claims that he was unable to exhaust his administrative remedies as to his claims because he was "released from jail [and] unable to file other grievances." Dkt. 1 at 2.

[4] The Court notes that even if Plaintiff *had* been granted the two-year tolling based on a disability of imprisonment, he would *not* have had until *October* 10, 2012 to file his complaint as he argues in his opposition. Dkt. 17 at 5. Instead, even if the Court considered the *best case scenario* that Plaintiff was entitled to the two-year statute of limitations for personal injury *and* the two-year tolling based on a disability of imprisonment, then the correct calculation would be that the statute of limitations would have begun on the date the cause of action accrued—May 14, 2008—and would have ended four years later, on *May* 14, 2012. Because Plaintiff did not file this action until June 19, 2012, more than a month after the statute of limitations would have expired, the Court finds that his claims would have still been time-barred. Therefore, even if Plaintiff were

*Boag*, 669 F.2d at 589 (subsequent reincarceration does not reinstate prior disability of imprisonment for purposes of statutory tolling).  Therefore, Petitioner's disability of imprisonment ceased upon his release on parole on October 10, 2008, and he is not entitled to any further tolling based on this disability.  *See id.*

Thus, the two-year statute of limitations on Plaintiff's claims began to run on October 10, 2008 and ended on October 10, 2010.  Plaintiff did not file this action until June 19, 2012, more than one year and eight months after the two-year statute of limitations expired.  Plaintiff's claims, therefore, are barred by the statute of limitations, and this action should be dismissed unless Plaintiff can show that he is entitled to equitable tolling.

### B. Equitable Tolling

In his opposition, Plaintiff claims he should be entitled to equitable tolling[5] where "plaintiff possessing other outlets and on good faith pursues one designed to lessen the extent of his injuries (or) damages, coupled with ignorance . . . or pursued sooner ground of measures not to intentional[ly] cause [any] prejudice on defendants." Dkt. 17 at 4-5.  While Plaintiff makes general arguments relating to his entitlement to equitable tolling, the Court construes his argument to mean that equitable tolling should apply during the pendency of his prior civil rights action, in which he had raised the same claims at issue in the instant action.

As explained above, the record shows that Plaintiff had filed a prior action on August 3,

---

granted the full two years of tolling based on a disability of imprisonment, such tolling would not have saved his complaint from being untimely.

[5] There are two doctrines which may apply to extend the limitations period on equitable grounds—equitable tolling and equitable estoppel.  *Lukovsky v. San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).  Plaintiff seems to confuse the two and also argues in his opposition that "equitable estoppel applies." Dkt. 17 at 4.  Equitable tolling focuses on "whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002).  "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Lukovsky*, 535 F.3d at 1051 (citing *Johnson*, 314 F.3d at 414).  Here, Plaintiff has not demonstrated that he relied on Defendant's misconduct in failing to file in a timely manner and thus he has not plead with particularity the facts which give rise to the claim of fraudulent concealment.  Accordingly, the Court will only focus on Plaintiff's claim of an entitlement to equitable tolling.

2008, raising various claims, including a claim of deliberate indifference stemming from his incarceration at Santa Rita.[6] *See* Case No. C 08-4179 (PR). On August 19, 2011, he filed a proposed fourth amended complaint in his prior action, which raised the same excessive force claim against Defendants Bixby and Menard. Arguably, Plaintiff did not actually raise that excessive force claim until August 19, 2011, which is still *after* the expiration of the statute of limitations on October 10, 2010. Thus, it would be unlikely that equitable tolling would apply since the limitations period had already run. However, it seems that Plaintiff's excessive force and deliberate indifference claims were actually included in his original complaint when he first filed the action on August 3, 2008.[7] Dkt. 1 in Case No. C 08-4179 CW (PR) at 9. Therefore, the Court will be *very liberal* in construing Plaintiff's equitable tolling argument to be a request for tolling as of the date the original complaint was filed in his prior case—August 3, 2008. Specifically, because the statute of limitations had not yet expired when his prior action was filed, Plaintiff could argue that he is entitled to equitable tolling of the statute of limitations based on the filing of an earlier, timely action.

Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *Azer v. Connell*, 306 F.3d

---

[6] In their reply, Defendants seem to concede that Plaintiff raised the same deliberate indifference claim in his prior action. Specifically, Defendants argue that Plaintiff's deliberate indifference claim in the instant action is barred by the doctrine of res judicata because he had "raised the identical claim" in Case No. C 08-4179 CW (PR). Dkt. 23 at 4. It seems that Defendants are mistaken because in Case No. C 08-4179 CW (PR), the Court handled Plaintiff's deliberate indifference claim relating to inadequate care for his injuries from an alleged August 2, 2007 beating by other inmates, from an old gunshot wound to his neck, and from re-injuring himself on August 13, 2008. Dkt. 97 in Case No. C 08-4179 CW (PR) at 13-17. However, the Court need not further address this argument on res judicata grounds because it finds the claims to be nonetheless untimely, as explained below.

[7] In his original complaint in his prior action, Plaintiff stated: "On 5-13-08 Plaintiff was arrested by 'H.P.D.' and was later transported to Santa Rita Jail[.] [U]pon arrival, Plaintiff was fully shackled and taken to a room closed and 'beaten near death' by officials of Alameda County Sheriff's [Office]; Plaintiff was then afterwards denied medical treatment for days." Dkt. 1 in Case No. C 08-4179 CW (PR) at 9. The Court dismissed Plaintiff's complaint with leave to amend because he did not link his claims, including the aforementioned excessive force and deliberate indifference claims, to any named defendants. Dkt. 17 Case No. C 08-4179 CW (PR) at 5-7. Plaintiff continued to raise these claims in subsequent amendments; however, it was not until he filed his fourth amended complaint that Plaintiff linked Defendants Bixby and Menard to his excessive force claim. Dkt. 85-1 in Case No. C 08-4179 CW (PR) at 13-14.

930, 936 (9th Cir. 2002); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009). Because we borrow California's statute of limitations, we also apply California's equitable tolling rules. *Id.* Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "'(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)). Upon satisfying the three-pronged test, a plaintiff should be relieved from the limitations bar. *Id.* at 1140; *see, e.g., Azer*, 306 F.3d at 936-37 (granting equitable tolling where plaintiff satisfies three-prong test and finding that by filing an official-capacity action in state court plaintiff provided individual defendants within state office adequate notice that they might be subject to a civil rights suit).

However, where, as here, a plaintiff could argue that he is entitled to tolling of the statute of limitations based on the filing of an earlier, timely action, a general equitable rule ("*Bollinger* rule") may apply. *See Addison*, 21 Cal. 3d at 318-19 (citing *Bollinger v. National Fire Ins. Co.*, 25 Cal. 2d 399 (1944)). The *Bollinger* rule of tolling will apply when "(1) the plaintiff [has] diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim [is] attributable to forces outside the control of the plaintiff, [i.e., the dismissal of the first action was in error and, thus, due to forces outside of his own control]; and (3) the defendant [is not] prejudiced by application of the doctrine (which is normally not a factor since the defendant will have had notice of the first action)." *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1336 (1994) (brackets added). California law makes clear

1  that in order to be entitled to equitable tolling under the *Bollinger* rule, a plaintiff must
2  demonstrate all three *Bollinger* factors. *See Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 421
3  (9th Cir. 1981) ("The [California Supreme Court] thus made it clear that to avoid the literal
4  language of [section 335], the plaintiff must demonstrate the existence of those three factors
5  present in *Bollinger*."); *Hull*, 28 Cal. App. 4th at 1337 (reiterating that the three *Bollinger* factors
6  are prerequisites expressly required to apply tolling); *Wood v. Elling Corp.*, 20 Cal.3d 353, 361
7  (1977) ("the concurrence of the three factors present in *Bollinger* is essential to an application of
8  the rule").

Here, as an initial matter, it seems that equitable tolling is not applicable in Plaintiff's case because his first action was not one in a separate forum, such as in a state court or administrative forum, but in the *same* forum. *See Thomas v. Gilliland*, 95 Cal. App. 4th 427, 525 (2002) ("The doctrine of equitable tolling, however, only applies where the plaintiff has alternate remedies and has acted in good faith."); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998) ("[A]ppellants pursued successive claims in the same forum, and therefore equitable tolling did not apply"). That is, Plaintiff's first action was not one of several legal remedies that he chose to pursue in order to "lessen the extent of his injuries or damage." *Cervantes*, 5 F.3d at 1275.

In any event, California case law shows that equitable tolling is not applicable to the pendency of Plaintiff's first action. The Court shall now consider whether all three *Bollinger* factors are present before equitable tolling can apply.

       **1.**     ***Bollinger* factors**

In *Bollinger*, a plaintiff filed a timely action against his fire insurance carrier, but that action was erroneously dismissed by the trial court. 25 Cal. 2d at 404-05. The California Supreme Court held, that, under its equitable power, and under those circumstances, the plaintiff could file a second action against the carrier outside the statute of limitations. *Id.* at 410-11. The court held that tolling was appropriate because (1) the original dismissal was erroneous; (2) the plaintiff had diligently pursued his claim; and (3) the defendant was not prejudiced. *Id.*

In contrast here, Plaintiff cannot satisfy all three *Bollinger* factors. Specifically, Plaintiff fails to satisfy the second *Bollinger* factor because he does not allege that the Court erred in

1    dismissing his excessive force claim without prejudice in his first action, or that it was dismissed
2    due to forces outside of his own control.
3          Despite Plaintiff's prior civil rights action, Case No. C 08-4179 CW (PR), being timely
4    filed, the Court's dismissal of the excessive force claim for misjoinder was *not* in error and, thus,
5    *not* due to forces outside of his own control.  The record in Case No. 08-4179 CW (PR) shows that
6    Plaintiff had raised the excessive force claim in his fourth amended complaint.  Upon reviewing
7    that complaint, the Court dismissed his excessive force claim without prejudice to filing a new and
8    separate complaint because of improper joinder.  Dkt. 97 in Case No. 08-4179 CW (PR) at 4-5.
9    Plaintiff has not and cannot demonstrate that the Court's dismissal of his excessive force claims in
10   his first action was erroneous and due to forces outside of his own control— the second *Bollinger*
11   factor.  Having so concluded, the Court finds Plaintiff is not entitled to equitable tolling of the
12   statute of limitations and declines to address the remaining two *Bollinger* factors.  *See Wood*, 20
13   Cal. 3d at 361 (all three elements must be present before equitable tolling will apply); *Hull*, 28
14   Cal. App. 4th at 1336, n. 7 (because plaintiff failed to meet first two prongs for equitable tolling
15   court need not determine third prong of whether defendants would be prejudiced).

### 2. Supporting California Cases Applying the *Bollinger* Rule

17         A review of several California cases applying the *Bollinger* rule is helpful here.  In
18   *Tannhauser v. Adams*, 31 Cal. 2d 169, 177 (1947), the plaintiff filed an action to quiet title.  The
19   suit was later dismissed for want of prosecution.  Six months later, the plaintiff *Tannhauser* filed a
20   motion to set aside the order, which was denied.  Thereafter, the plaintiff filed an untimely second
21   action.  The California Supreme Court concluded that the plaintiff was not entitled to equitable
22   tolling under *Bollinger*, because the first action was not diligently pursued, and the first action was
23   dismissed due to the plaintiff's own error.  *Id.* at 177-78.
24         Also, in *Hull*, the plaintiff brought a medical malpractice action in state court.  28 Cal.
25   App. 4th at 1331.  She sought leave to amend, which was denied, and then filed a new action in
26   state court alleging the same cause of action she brought in her first suit, and adding another claim.
27   The California Court of Appeal concluded that the second suit was barred by the statute of
28   limitations because the plaintiff had not diligently pursued the claims asserted in the second

1  action, and, due to the plaintiff's own failure to comply with the civil rules, the plaintiff failed to
2  amend her complaint properly in the first action. *Id.* at 1336.

3        Finally, in *Hu v. Silgan Containers Corp.*, 70 Cal. App. 4th 1261, 1270-71 (1996), the
4  plaintiff brought a timely action against her employer for discrimination, but failed to pay the
5  filing fee. After the statute of limitations had expired, the court voided the filing based on the
6  plaintiff's failure to pay. Thereafter, the plaintiff paid the filing fee and late charges, but the
7  Superior Court granted judgment on the pleadings to the employer because it had no jurisdiction to
8  "reinstate" the action. The California Court of Appeal rejected the plaintiff's argument for
9  equitable tolling, making a distinction between cases in which a plaintiff chooses between several
10 different forums in filing his first suit, and cases in which a plaintiff files a defective first action.
11 *Id.* at 1270-71. The state appellate court applied *Bollinger*, and concluded that because the
12 plaintiff failed to demonstrate dilatory actions on the part of defendants, or error on the part of the
13 Superior Court, he was not entitled to equitable tolling.

14       In sum, applying California case law to the instant action, Plaintiff is not entitled to
15 equitable tolling. Plaintiff did not allege, and the Court has not found, that its dismissal of
16 excessive force claim in Case No. C 08-4179 CW (PR) for misjoinder was erroneous and due to
17 forces outside of his own control. Plaintiff's failure to satisfy joinder requirements in Case No.
18 C 08-4179 YGR (PR), combined with the lack of error on the Court's part, do not satisfy the
19 elements required to equitably toll the statute of limitations. *See, e.g.*, *Marasovic v. Contra Costa*
20 *Cnty. Adult Protective Servs.*, No. 06-15579, 269 Fed. Appx. 758, at *1 (9th Cir. March 12, 2008)
21 (unpublished memorandum disposition) (affirming dismissal of section 1983 action because the
22 *pro se* plaintiff did not "diligently pursue her initial action against the defendants"); *Sandoval v.*
23 *Barneburg,* No. C 12-3007 LHK (PR), 2013 WL 5961087, at *3 (N.D. Cal. Nov. 7, 2013)
24 *reconsideration denied*, No. C 12-3007 LHK (PR), 2014 WL 1761001 (N.D. Cal. May 2, 2014)
25 (finding *pro se* prisoner not entitled to equitable tolling during pendency of his prior federal action
26 which was dismissed for his failure to comply with the court's directions to cure deficiencies,
27 including misjoinder and failing to link individual defendants to specific acts); *Watkins v. Singh*,
28 No. 2:12-cv-1343 GEB DAD P, 2014 WL 2930536, at *4 (E.D. Cal. filed June 27, 2014) (finding

plaintiff was not diligent in pursuing his claims and was not entitled to equitable tolling); *Dawkins v. Woodford*, No. 09-1053 JLS (POR), 2012 WL 554371, at *4-5 (S.D. Cal. filed Feb. 21, 2012) (unpublished) (concluding *pro se* prisoner was not entitled to equitable tolling during pendency of his prior federal actions which were dismissed for failing to timely serve defendants); *Easley v. Cnty. of El Dorado*, No. 08-1432 MCE KJN, 2010 WL 4569137, at *15 (E.D. Cal. filed Nov. 3, 2010) (unpublished) (rejecting *pro se* prisoner's request for equitable tolling as unreasonable and lacking in good faith when his first complaint was filed in federal court and later dismissed due to plaintiff's own failure to file an amended complaint), *aff'd by* 478 Fed. Appx. 447 (9th Cir. 2012) (unpublished memorandum disposition); *Diggs v. Williams*, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. filed June 8, 2006) (unpublished) (finding *pro se* prisoner's complaint untimely and stating that "California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his prior action.").

Accordingly, Plaintiff's complaint is untimely, and Defendants' motion to dismiss is GRANTED.

## V. CONCLUSION

For the reasons outlined above, Defendants' motion to dismiss the complaint is GRANTED. Dkt. 13. The instant action is DISMISSED with prejudice as time barred.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall enter judgment, terminate all pending motions, and close the file.

This Order terminates Docket No. 13.

IT IS SO ORDERED.

Dated: March 26, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge